## CLEAVES *versus* STOCKWELL AND HAYWARD.

When a party has contracted with another to do a particular work, either at its cost or at a fixed price, a sub-contractor cannot resort to the principal for his compensation, but must look to his immediate employer.

An interrogatory which suggests the answer desired, and is in its form a leading question, propounded to a deponent in his direct examination, and objected to at the time, must, together with its answer, be stricken out.

ASSUMPSIT, on facts agreed, there being no pleadings in the case.

*Washburn*, for the plaintiff.

*A. W. Paine, contra.*

HOWARD, J. — The defendants and several others, all separate owners of logs then in the Mattawamkeag waters, agreed in writing, in June, 1849, to appoint a committee, as agents to carry out the views of the meeting, and mutually to sustain them, and pay their expenses, and the money expended, and the liabilities incurred by them, in proportion to the respective interests in the logs. It was further stipulated in the agreement, that the logs of each should be holden, in proportion to his respective interest, to the committee, for all expenses, disbursements and liabilities incurred; and that they should have such lien upon the logs, as is given to those driving logs, by the statute of 1848, chap. 72; and that they should have authority "to assess said logs as they have occasion to use money, and we agree to pay such assessments when called for." Hayward, one of the defendants, Crane and Henderson, all being owners and parties to the agreement, were appointed a committee for the purposes specified. They built a dam and hired men. The plaintiff was one of the men hired by them on the dam. He took a certificate of the amount due him for his labor, signed, " T. E. Crane, for the committee." This suit is brought to recover for that labor.

The principal question presented by the parties is, whether the owners of the logs are liable to the plaintiff, or whether he must look to the committee solely for the payment of his claim.

The plaintiff offered the deposition of Crane, before mentioned, and the question of its admissibility, wholly or partially, is submitted ; " the Court to give effect to such facts as are legally admissible, and all facts not admissible, on objection, are to be excluded." It may not be material to determine the question of competency of the deponent, arising from his position as an owner in the logs, or as one of the committee.

The 5th direct interrogatory was this ; " Did you hire the men on the credit and responsibility of the parties who signed that paper ?" .The question was objected to.

The deponent's answer was, " I did." That interrogatory suggested the answer desired, and was therefore *leading*, and must be stricken out together with the answer.

.By their agreement in writing, the owners contracted to pay the committee for their expenses, disbursements and liabilities, but did not stipulate to pay, or to be responsible to others ; nor do we find any authority, given directly, or by implication, to the committee to bind the owners, or to accomplish the work upon their credit or responsibility.

There is no evidence that the committee ever undertook to make the owners responsible, or that they assumed to have authority for that purpose. Nor does it appear that the plaintiff rendered his services to the owners, or upon their credit ; or that he understood the relation between them and the committee, in making his contract, or performing his labor. Nothing appears in the case indicating that the claim is not valid against the committee, or that they avoid or refuse payment.

Though the committee may be regarded as special agents of the owners, for a particular purpose, yet the agency did not affect the contract or rights of the plaintiff, as no privity was shown between him and the owners. This presents but the ordinary case of one employing another to do a particular job at a fixed price, or at cost, where sub-contractors or laborers cannot look to the principal, but to their immediate employer.

Generally, where one is bound by a special contract, the

law will not imply a promise, on the same account, either in favor of a party to the contract, or of third persons.   If one knowingly receive the services of another directly, the law will imply a promise to pay ; but where it appears that another person procured the services, in the absence of other evidence, the presumption will be that the latter promised to pay, and that the person employed looked to him for compensation.   In this case there is not proof of an express promise of the owners, or evidence from which a promise may be implied, to pay the plaintiff for his services upon the dam.   From the facts stated, his remedy would appear to be upon his employers.

The plaintiff may amend his writ, by striking out the name of the defendant Stockwell, on paying him costs, and may then take judgment against Hayward who has submitted to a default.   R. S. chap. 115, sect 11.