# Milligan & Son *v.* Ala. Fertilizer Co.

*Action on Common Counts by Attorneys, for Professional Services.*

1. *Employment of attorney by commercial agency.*—When a claim is placed in the hands of a commercial agency for collection, and by them delivered to an attorney for collection, the attorney is the agent of his immediate employer, and has no right to look to the owner of the claim for compensation of his services; and the creditor having afterwards effected a settlement with the debtor through another attorney, as he might lawfully do, his employment of the former attorney, or recognition of liability to him, can not be inferred or implied from the fact that his attorney personally notified the other of the settlement which he had made, and instructed him to turn over all the papers in his hands to the debtor, as required by the terms of the settlement.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

[Milligan & Son v. Alabama Fertilizer Co.]

This action was brought by A. L. Milligan & Son, suing as partners, against the Alabama Fertilizer Company, to recover compensation for professional services rendered by plaintiffs, as attorneys at law, in the collection, or attempted collection, of a claim against J. B. Harper. The complaint contained only the common counts, and the only plea was the general issue. On the trial, as appears from the bill of exceptions, the plaintiffs offered in evidence the deposition of M. E. Milligan, a member of their firm, with several letters annexed as exhibits; and the defendant offered no evidence. Milligan testified, in substance, that the claim against Harper, amounting to about $5,000, was sent to plaintiffs for collection, in September, 1888, by R. G. Dun & Co., a commercial agency in Montgomery; that they had no communication with defendant in reference to it; that they performed professional services in attempting to collect the claim, specifying them, the reasonable value of which was $75, the amount claimed in the complaint; that in October, 1888, they were notified by A. T. London that the defendant had made a settlement with Harper, and instructed to turn over all papers in their possession to him, and that they did so. In answer to one of the cross-interrogatories he stated: "I was engaged by R. G. Dun & Co., agent for Ala. Fertilizer Co., as will be seen from *Exhibit B*, to collect Harper's indebtedness to said company. R. G. Dun & Co. gave specific directions as to the course to be pursued, and these directions were strictly followed." *Exhibit B.* is a letter from the defendant to R. G. Dun & Co., dated September 26, 1888, and in these words: "We have received yours in regard to the claims transferred to us by J. B. Harper, and placed with you for collection. You, or your agents, or attorneys authorized by you, have authority in our behalf to make any arrangement with Mr. Harper which you may deem desirable or necesssary in order to secure the prompt collection of the claims. In case of the refusal of Mr. Harper to do anything, please let us know at once, as we wish to take immediate action in the courts."

The court charged the jury, on request, that they must find for the defendant, if they believed the evidence. The plaintiffs excepted to this charge, and they here assign it as error.

SAYRE, STRINGFELLOW & LEGRAND, for appellants.

TOMPKINS & TROY, *contra*.

McCLELLAN, J.—It appears to be well settled law, that with respect to a claim placed in the hands of an attorney by a commercial agency, such as that of R. G. Dun & Co., for collection, the claim having been delivered to the agency by the creditor for the purpose of collection, the attorney is the agent of the collecting company, and not of the owner of the claim.—*Hoover v. Wise,* 91 U. S. 308; *Bradstreet v. Everson,* 72 Pa. St. 124; *Lewis v. Peck,* 10 Ala. 142; *Stephens v. Badcock,* 3 B. & Ad. 254. And it follows, of course, that the attorney, being thus the agent of the agent, and not in privity with the principal, the owner of the claim, can not look to him for compensation of his services.—*Cleaves v. Stockwell,* 33 Me. 341; *Hill v. Morris,* 15 Mo. App. 322.

We do not understand these propositions to be controverted in this case; but it is insisted that there was some evidence which tended to show that the attorneys were employed, not only by the mercantile agency, but also by the owner of the claim which the attorneys received from the agency, and for the value of their services rendered in their efforts to collect which they now prosecute this suit against the original principal; and hence, that the court should not have given the general affirmative charge for the defendant. If there was such evidence, however weak and inconclusive it may have been, it should, of course, have been submitted to the jury, and the charge was erroneous. The sole inquiry is, then, was there such evidence? It seems that, after the claim had been received by the appellants, the creditor, the Alabama Fertilizer Co., through its own attorney made settlement of it with the debtor. This, we take it, it had a right to do, being responsible to the collection agency for whatever services it had rendered in the matter, according to the terms of the contract between them. The attorney for the Fertilizer Company, after making the settlement at Geneva, Ala., called on appellants, who resided there, the office of the agency being in Montgomery, and notified them of the settlement, directed them to turn over to the debtor all papers in their possession relating to the claim, and informed them their services would no longer be required. The settlement of itself avoided the necessity for all further service on the part of the collection agency, or their attorneys. The terms of the settlement required that these papers should be turned over to Harper, the debtor. Whether the appellants might have retained them all until their fees were paid, is a question which does not arise in

[The State v. Bienville Water Supply Co.]

this case, and which we need not decide. However that may be, nothing, it seems to us, was more natural than that the defendant's attorney, without thereby in any manner committing his client to the employment of appellants, or recognizing that there existed such an employment, should, in the absence of any other representative of the collection agency, have notified them of the settlement, that there would be no further necessity for their services, and requested the papers to be turned over. We are unable to give to these facts any other significance than would have attached to them had they transpired between defendant's attorney and the Montgomery officers of the agency. We find in them no tendency to establish an employment of the appellants by the appellee, even leaving out of view the consideration that defendant's attorney presumably was without authority to bind his client to the employment, or to make admissions which would be competent evidence of such employment. The other matter relied on as affording an inference that appellants were the attorneys of appellee—the letter of Sept. 26, 1888, from the Fertilizer Company to the agency—has, we think, no such tendency. On the contrary, it shows that the defendant looked alone to the collection company as its agent, and referred to the appellants as the agents or attorneys of the latter.

There is no error in the record, and the judgment is affirmed.