Parker, C. J.,
delivered the opinion of the Court. It has never been considered necessary, that the attorney, to whom seizin is delivered by the sheriff, when he extends an execution upon real estate according to the statute, should be regularly constituted attorney by deed. On the contrary, it was decided some years since by this Court, before the commencement of our reports, that the attorney of record, under whose management the judgment had been recovered, might, without any further authority, receive seizin for the creditor.
Neither do we see any reason, why any person, undertaking to act in this respect for the creditor, may not be legally considered his attorney for this purpose, if he have the previous request of the creditor, or his subsequent ratification. That assent or ratification will be presumed, unless the creditor shall, within a reasonable time after notice of the transaction, disaffirm the doings of the person assuming to act as his attorney.
It must be taken for granted, that the execution, and the proceedings under it, were registered within the time prescribed by the stat *293 ute ; and this act of registering is a sufficient proof of the creditors’ ratification of the levy, and of the seizin taken by Stratton.
As to the objection, that the sheriff has returned that he delivered seizin to Stratton as agent, and not as attorney, we think this wholly unimportant. The words agent #and attorney are frequently used synonymously ; and it ought not to be in the power of a sheriff, who uses one instead of the other, by ignorance or design, to defeat the creditor’s title.
The attachment having been made before the deed from Mien, under which the defendant claims, and a levy having been regularly made within thirty days after judgment, the title of the plaintiffs must prevail; so that judgment must be entered according to the verdict