GEORGE W. SHORES *vs.* ANDREW CASWELL & another.

An attorney has no authority, by virtue merely of his retainer to prosecute or de fend a suit, to release a claim of his client on a third person, for the purpose of making such person a competent witness for his client.

SCIRE FACIAS against the bail taken by Elias A. Morse, a deputy sheriff, in an action brought by the plaintiff against Warren Billings. At the trial before *Hubbard,* J. the plaintiff, to prove the execution of the bail bond by Billings, the principal, offered the said Morse as a witness. On his being objected to as incompetent, by reason of his interest in the event of the suit, a release, executed by the plaintiff's attorney of record in this suit, was produced and delivered to Morse. The defendants objected, that the plaintiff's attorney of record was not, as such, authorized to execute the release to the witness. But the objection was overruled, and Morse was admitted as a witness. A verdict was found for the plaintiff, and the defendants alleged exceptions.

*Clifford,* for the defendants.

*Coffin,* for the plaintiff.

SHAW, C. J. This was an attempt to carry the authority of an attorney beyond its just limits. We speak of the authority of an attorney, arising from his relation, as such, without other powers expressly conferred. Undoubtedly an attorney, retained to prosecute or defend a suit, has authority, as incidental to his retainer, to take all legal steps, and do every

35 *

legal act, in behalf of his client, to the legal end and determination of such suit.   He may appeal;  *Adams* v. *Robinson,* 1 Pick. 461 ; or refer a case to arbitrators; *Buckland* v. *Conway,* 16 Mass. 396.   He may receive livery of seizin; *Pratt* v. *Putnam,* 13 Mass. 361; and he may sue out a writ of *scire facias* against bail; *Dearborn* v. *Dearborn,* 15 Mass. 316 ; or a writ of error ; *Grosvenor* v. *Danforth,* 16 Mass. 74.   All these, however, are powers incidental to the conduct and prosecution of a suit or defence to its legitimate result.   But the attorney can no further deal with the rights of his client, when legally established, without special authority.   He may collect an execution, if his authority in that respect is not revoked, because it is incident to his authority ; but he cannot release it without payment, nor take part for the whole. *Lewis* v. *Gamage,* 1 Pick. 347.

Here, the attorney, in prosecuting this suit, had occasion for the testimony of a witness who could be made competent by a release of another cause of action ; and he, by virtue of his office, without authority, executed such a release.   This was dealing with another and independent right of his client, not committed to his charge, and not incident to his retainer. *Marshall* v. *Nagel,* 1 Bailey, 308.   It might be that the cause of action released was of much more value than the cause of action in question in this suit ; and it was for the client, and not for the attorney, to judge of that, and determine whether to execute the release or not.

*Verdict set aside, and a new trial ordered.*