### C. C. MACON *v.* G. G. & J. L. WILLSON.

Where the fact of agency appeared from documents on file in a case, and the proof of it would not surprise, it may be proved although not alleged.

Where the inquiry is as to the validity of title to slaves, or the authority of the agent to sell them, parol proof cannot be received as to the agency; but the inquiry being whether in a transaction adopted by the plaintiff, which he is estopped to deny, the defendant acted as attorney at law, for the law firm of which he was a member, or as the attorney in fact of the plaintiff, parol proof is admissible.

C. P. 89, 129.

APPEAL from the District Court of the Parish of Carroll, *Perkins*, J. *M. Dubose*, for plaintiff. *Stacy & Sparrow*, and *B. F. Clark*, for defendant and appellant.

CAMPBELL, J. Plaintiff seeks to make defendants liable, *in solido*, as partners in the practice of law, for $583 33, with interest thereon, at the rate of ten per cent. per annum, from January 1, 1847, an amount by them collected, as is alleged, and never paid over.

The defendants sever in their defence; *George G. Willson*, pleads the general denial, and his co-defendant, *J. L. Willson*, opposes to plaintiff's right against him, the exception of domicil, and pleading over, with reservation of his exception, denies generally the allegations of plaintiff's petition, and averring, further, that he has paid plaintiff all that is due him, claims judgment in reconvention for $500, for professional services rendered.

An agreement was entered into by the parties, that the case should be tried on the merits, and that the exception of domicil need not be passed upon, until the question of *G. G. Willson's* liability shall be decided; the defendant, *J. L. Willson*, expressly reserving his right to urge his exception at any stage of the proceedings.

Judgment was rendered in favor of the plaintiff, condemning defendants to pay the sum claimed *in solido*, from which judgment this appeal has been taken.

In 1843, defendants, then practising law as partners, as attorney of the present plaintiff, instituted suit for him against *Willson* and others, in the District Court of Carroll, and obtained judgment thereon in May, 1844. In this suit,

certain slaves were sequestered. Before the rendition of judgment, (viz., Nov 1, 1843,) *J. L. Willson,* acting as the attorney in fact of plaintiff, entered into a written contract with one *Bailey,* by which it was agreed that, at the sale of the sequestered slaves, plaintiff would purchase them and sell them to *Bailey,* on certain terms of credit and for a price stipulated. That this contract, made by the attorney in fact of plaintiff, was consummated, and the whole proceeding under it assented to by plaintiff, cannot be doubted; for we find that on the 5th of December, *J. L. Willson,* acting as the attorney in fact of plaintiff, accepted for him from *Bailey,* a mortgage on the slaves who had been sequestered to secure the notes in conformity with the agreement of November 1st. That *Bailey* paid the notes as they became due, to *J. L. Willson,* as attorney in fact, who in the same capacity released the mortgage in favor of plaintiff. It further appears from the acknowledgment of plaintiff, that the two first instalments of the debt were paid over to him by *J. L. Willson,* and this suit is brought to recover the amount of the third, which he alleges defendants collected, but failed to account for.

From the act of mortgage annexed to plaintiff's petition, from the release of the mortgage thereon endorsed, and from the written agreement of the sale of slaves found in the record, it appears that in all things after the judgment in the first suit, *J. L. Willson* acted alone, and in his capacity as attorney in fact of plaintiff, not as his attorney at law. Nor does it appear, that during the transaction of this business, the style of the law firm was ever used, or that *G. G. Willson* was in anywise connected therewith, except as one of the counsel in the original suit. The contract entered into with *Bailey,* out of which the alleged liability results, was such a one as an attorney at law could not lawfully enter into under his general powers.

If any doubt existed with regard to the position in this matter of *G. G. Willson,* it would be removed by the testimony of *Bailey,* a witness for plaintiff, and the maker of the note, the amount of which is sued for, who says: "I never knew *George G. Willson* in the transaction. The whole business was transacted with me by *John L. Willson,* as attorney in fact. I paid him said note in his said capacity as attorney in fact."

To the introduction, however, of so much of the testimony of this witness as relates to the agency of *J. L. Willson,* plaintiff excepted. The objections are substantially, that parol proof of an agency to sell slaves is inadmissible. 2d. Because no agency was alleged in the answer, and its proof would therefore be a surprise to the plaintiff.

That a party will not be permitted to prove what is not alleged, lest his adversary should be surprised, is true, as a general rule; but the facts of this case do not warrant the application of it, contended for. The agency, as has been seen, is set forth in the act of mortgage in plaintiff's favor, and annexed to his petition as part of his evidence. It was accepted by *J. L. Willson,* as the attorney in fact of plaintiff, and the institution of this suit can but be regarded as a ratification of the contract, and consequently as a recognition of the quality of the agent by whom it was made. Evidence of the agency, therefore, could not have surprised him. *Ory* v. *Winter,* 4 N. S. 277. *Lauson* v. *Ripley,* 17 La. 238. *Freerson* v. *Irwin,* 5 Ann. 531. *Waterman* v. *Gibson,* 673.

Indeed, the capacity in which *J. L. Willson* acted, fully appears on the face of the instrument, concerning which plaintiff himself interrogated the witness *Bailey.*

If the question before the court had involved an inquiry as to the validity of title, or the authority of the agent to make the sale, the objection to the proof of such agency by parol alone, would have been well taken; but the inquiry being whether, in a transaction adopted by the plaintiff and which he therefore is estopped from denying, the defendant acted as attorney at law for the law firm, of which he was a member, or as the attorney in fact of the plaintiff, parol proof was, we think, properly received.

In view of all the facts, we think that judgment was improperly rendered against the defendant, G. G. Willson. Touching the liability of J. L. Willson, for the full amount of the debt claimed, there can be no doubt; yet we are constrained to withhold, in the present action, the judgment prayed for against him.

He filed in limini litis, the exception of domicil, and though the case was tried as to him on the merits; by express agreement, it was stipulated, that he should not thereby lose the benefit of his exception, but should be permitted to urge it at any stage of the proceedings.

The petition was filed in the District Court of Carroll, 16th of March, 1852, and makes no averment of the then residence of this defendant. Citation was served upon him in the parish of Ouachita, on the 5th of April following, and it is admitted that he removed from the parish of Caroll to the parish of Ouachita in the fall of 1846, since which time, he has never been a resident of Carroll. C. P. 89, 129.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and proceeding to render such judgment as in our opinion should have been rendered by said court, it is further decreed, that, as regards the defendant, G. G. Willson, plaintiff takes nothing by his action, and that there be judgment in favor of said defendant for the costs of suit. It is further decreed, that the exception of domicil, filed by the defendant, J. L. Willson, be sustained, and that the suit, as to him, be dismissed without prejudice. The costs of both courts to be paid by plaintiff and appellee.