## No. 481.

### PETER JAMES v. MRS. M. J. LEWIS and HUSBAND.

Where it appears that the husband of the defendant, who is separate in property from her, was authorized to employ servants for the hotel kept by the defendant and in which she resides, to settle with them and to pay their wages, and that he had general superintendence and sole control and management of the hotel;

Held—That this authority included the power to make a note for the wages due to servants employed in the hotel.

Even without specific powers the agent can bind the principal by drawing bills and signing notes where it is necessary to raise funds to carry into effect the main object of the agency, *A fortiori*, would he have authority to acknowledge a debt due to the employe of a hotel whom he was authorized to employ and to settle with.

The instrument sued upon would be valid as a certificate of indebtedness, if not as a note, and against it the prescription of ten years, but not of one year, would be applicable.

It being proved that the defendant resided at the hotel during the term the services were rendered by the plaintiff, it must be presumed that she was informed of what her agent did in regard to the settlements with the servants in her employ, and that she ratified his acts, as it is not shown that she ever repudiated them—the plaintiff continuing in her service after the note was given.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *J. & S. D. McEnery*, for plaintiff and appellee. *Cobb & Gunby*, for defendant and appellant.

LUDELING, C. J. The plaintiff sues Mrs. M. J. Lewis on a promissory note for $636 31, signed by Mr. Lewis, the husband of the defendant. The note is subject to a credit of $100. It is alleged and proved that Mrs. Lewis was separated in property from her husband; that she was the proprietress of the hotel in which the plaintiff was employed, and that the note was given for the wages of the plaintiff, as servant in said hotel, and that Mr. Lewis was the agent of Mrs. Lewis, who employed plaintiff, and who had full control and management of the said hotel.

These facts do not seem to be seriously denied, but it is alleged that the husband had not express and special authority to give that note, and she pleaded the prescription of one year against plaintiff's claim against her for his wages. The defense is without equity, and to sustain it would be to enrich the defendant at the expense of the plaintiff, whose services in her hotel inured to the benefit of the defendant.

It appears that Mr. Lewis was authorized to employ servants for the hotel, to settle with them and to pay their wages; that he had general superintendence and sole control and management of the hotel. This authority, it would seem, included the power to make a note for the wages due to servants employed in the hotel. For "even without specific power, the agent can bind his principal by drawing bills and signing notes, when it is necessary to raise funds to carry into effect the main object of the agency." Perrotin *v.* Cucullu, 6 La. 590; 8 R. 236; C. C. 3000. See also Leonard *v.* Hudson, tutor, 12 An. 840, 377; 4 La. 65; 4 An. 250.

*A fortiori* would he have authority to acknowledge a debt due to an employe of the hotel, whom he was authorized to employ and to settle with; and the instrument sued upon would be valid as a certificate of indebtedness, if not as a note, and against it the prescription of ten years, and not one year, would be applicable. Besides, it is proved that the defendant resided at the hotel during the time the services were rendered by the plaintiff. It must be presumed, therefore, that she was informed of what her agent did in regard to the settlements with the servants in her employ, and that she ratified his acts, as it is not shown that she ever repudiated them.

The plaintiff continued in her service after the note was given, and he has lived in the town where defendant resides, ever since, and it does not appear that he was ever notified that the giving of said note was unauthorized by her. 11 La. 288; 2 R. 1; 6 R. 284; 2 An. 891.

It is therefore ordered that the judgment appealed from be affirmed with costs of appeal.

Rehearing refused.