No. 6982.

SCHMIDT & ZEIGLER vs. CALEB SANDEL ET AL.

The purchaser of property, sold in fraud of his creditors by an insolvent debtor, who pays by anticipation a part of the nominal price after the institution of a suit to annul the sale on the ground of fraud, is not entitled to be refunded the sum he has thus paid.

One who constitutes another his agent with full power to manage his mercantile house, and to do all acts appertaining to its business, makes himself liable for the value of all goods purchased by the agent in the line of that business.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *McVea*, J.

*Wedge & Moore* for plaintiffs and appellees.

*W. F. Kernan* and *D. C. Hardee* for defendants.

The opinion of the court was delivered by

MANNING, C. J. This suit is on an account for over seven hundred dollars, and with it is coupled a demand for the annulment of a sale of

land made by Sandel to his co-defendant and sister, Mrs. Delery, as in fraud of creditors and simulated.

J. D. Delery, the brother-in-law of Sandel, formerly kept a store in Jackson, failed, and was sold out under execution. Sandel bought the stock of goods, and continued the business, leaving Delery in sole charge, and not apparently interfering in its management. This was in May, 1874, at which time he executed this power of attorney——"Know all men by these presents that I hereby appoint J. D. Delery as my agent to represent me in my store in Jackson, to manage the same, and to do and perform any and all acts for me appertaining to said business." By December 1875, Delery had got Sandel's store in the same condition his own was the previous year. Claims, exceeding the sum expressed in the act as the price of the land, were about to be put in suit against Sandel, and on the 27th. of that month and year he executed with his sister a notarial act of sale of his land, the stipulated price being $2500, of which $225 was to be paid one year from the day of sale, $1000 in two years, and $1275 in three years, and left for Texas.

In less than a month after this Act was passed and recorded, the present suit was filed and process served, the absent Sandel being represented by a curator.

Mrs. Delery answers that she purchased in good faith, and has paid $1225 of the price, and would willingly surrender the land if this sum were repaid her, and her notes were returned. Sandel's testimony was taken, and he says there was a distinct understanding between him and Delery that the latter should buy and sell for cash only. His deposition is wholly occupied by statements that he did not know Delery was buying, or that anybody was selling him goods on his (Sandel's) account, and that he never gave him authority to buy on credit, and such like. He says nothing about the sale of land to his sister. Not a word is uttered as to its verity or good faith.

The fraud intended to be perpetrated is transparent, and Mrs. Delery can not claim exemption from its consequences. If she paid to her brother any sum, she did it with full knowledge of the attack on the sale by the plaintiffs. The citation was served on her in the month following the sale. The first payment was not due until a year after it. The particular sum she alleges to have paid is the sum total of the instalments that were due in one and two years. She can not expect relief from such fatuous conduct.

This is but a sample of the shallow devices sometimes adopted to baffle creditors. Delery can not pay his debts, and the sheriff sells him out. A friend or relation makes the purchase, and the old occupant continues in the store, all the surroundings and appurtenances of which are unchanged except the cabalistic letters on the signboard, *agt.* The

insolvent occupant scorns to permit any one but himself to be charge-
able with liability for the debts of the store, (Delery swore the plaintiffs
would not have sold the goods on credit, but for their knowledge of his
·business capacity,) and his principal hopes to evade responsibility·
because he did not personally supervise its operations, or specifically·
authorize every particular purchase. When the agency was created,,
the authority delegated was to represent the principal in his store, to·
manage it, and to do every thing appertaining to the business. Keeping·
a store means *ex vi termini* buying and selling merchandize. The parties
so understood it, and so did the public. Sandel must pay the penalty
of his misplaced confidence.

Judgment affirmed.