## A. G. HANBACK v. JOHN CORRIGAN.

### No. 241.

1. SUBAGENT—*Compensation.* A subagent can look for his compensation only to his employer.

2. ———— *Ratification of Acts—Principal.* Where a subagent has been appointed without authority and his acts are afterward ratified, he can recover no compensation from the principal, but must look to the agent.

Error from Cherokee district court; J. D. McCUE, judge. Opinion filed August 18, 1898. Affirmed.

*Anderson & Henderson,* and *John Wiswell,* for plaintiff in error.

*W. R. Cowley,* and *C. D. Ashley,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : The plaintiff in error brought an action in the district court of Cherokee county to recover from the defendant in error $1000 as a commission for an alleged sale of property.

Hanback entered into a contract with one Davis, who was a son-in-law of Corrigan, that he should receive $1000 commission if he would sell the property belonging to Corrigan for $7000. In pursuance of this agreement Hanback introduced Davis to one B. Cooley, who entered into a contract with Davis to purchase the property at $7000. Cooley signed the contract "B. Cooley & Co.," and Davis signed the contract "John Corrigan, by F. E. Davis, agent." Davis notified Corrigan, who lived at Cleveland, Ohio, that he had sold the property for $7000, but did not notify him that he had signed his name to any contracts.

Corrigan duly executed the deeds and forwarded

them by mail to Davis. Shortly afterwards Corrigan received a telegram from a bank at Galena that Davis was in trouble, and requested him to come at once to Galena. Corrigan immediately started for Galena and arrived there about the time the deeds did. Upon his arrival he learned that Davis had taken the contract with Hanback out of the bank and destroyed it. He also learned that Davis had signed his (Corrigan's) name to the contract with Cooley & Co. Corrigan claimed that Davis had no authority to sign his name to any contracts and declared that he repudiated both contracts. He afterwards sold his property to a corporation comprising the same individuals that constituted the firm of B. Cooley & Co., except that Cooley's wife took one share of stock to complete the number of directors required by law, and the sale was made nearly upon the same terms as the one made by Davis.

Davis had been operating the mines upon the land owned by Corrigan, and using his mining machinery, and was allowed to retain the proceeds thereof for his own use and benefit. He desired to cease the business, and Corrigan had requested him to look for a purchaser. No price was named between them, but Davis testified that he thought Corrigan would be satisfied with $6000.

Corrigan had not agreed to pay Davis a commission or authorized him to pay one to any one else. Hanback claims that when Corrigan sold the property to Cooley and others he ratified the contract of Davis. This might apply to the contract made with Cooley for the sale of the property, but that contract is not being litigated in this suit. It does not apply to the contract with Hanback for commission. Even admitting that Davis was duly authorized to sell the

Railway Co. v. Faber.

property, he was not thereby authorized to employ another to sell it.

"The subagent can look for his compensation only to his immediate employer." (1 Am. & Eng. Encyc. of Law, 395, citing *Cleaves v. Stockwell*, 33 Me. 341; *Hill v. Morris*, 15 Mo. App. 322; *Foster v. Hoyt*, 2 Johns. Cas. [N. Y.] 327; *Fern v. Mayers*, 53 Miss. 458.)

"Where the subagent has been appointed without authority and his acts are afterward ratified, he can recover no compensation from the principal, but must look to the agent." (1 Am. & Eng. Encyc. of Law, note 3, p. 395, citing *Homan v. Brooklyn Life Ins. Co.*, 7 Mo. App. 22; *Grace v. Am. Cent. Ins. Co.*, 16 Blatchf. [U. S.] 433.)

The judgment of the district court is affirmed.