## MINNEAPOLIS THRESHING MACHINE CO. v. HUMPHREY *et al.*

### No. 629.    Opinion Filed January 10, 1911.

1. **PRINCIPAL AND AGENT—Authority of Agent—Evidence.** The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury.

2. **SAME—Ratification of Agent's Acts—Presumption from Silence.** Ratification of an unauthorized act of an agent may be presumed from long continued silence of a principal who has knowledge of the facts constituting such ratification.

(Syllabus by the Court.)

*Error from District Court, Garfield County; M. C. Garber, Judge.*

Action by the Minneapolis Threshing Machine Company against John Humphrey and J. J. Burke. From the judgment plaintiff brings error. Affirmed.

*Parker & Simons,* for plaintiff in error.
*George P. Rush,* for defendants in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, upon three promissory notes executed by both defendants as principals to apply upon the purchase price of a threshing machine. The part of the separate answer of the defendant J. J. Burke that raises the only question involved in this proceeding, is, in substance, as follows: That on the 30th day of January, 1902, he desired to surrender to the plaintiff the threshing machine outfit upon which the mortgage had been given to secure the payment of the notes sued upon and notified the plaintiff of his desire so to do. That the defendant John Humphrey desired to continue to operate said threshing machine outfit for another season, believing that he would be able to pay said notes from the proceeds arising from the operation of said threshing outfit; that this defendant notified the plaintiff that he either desired the said plain-

tiff to take possession of said threshing outfit and dispose of the same according to law, or to release him from any further obligation on said notes; that thereupon the plaintiff refused to take possession of the said threshing outfit and entered into a contract in writing with this defendant in and whereby it was agreed between the plaintiff and this defendant that this defendant should be released from any further obligation upon the said notes, and that said threshing machine outfit should be turned over to the said John Humphrey, to be by him operated as and for his own benefit, and that thereafter this defendant should have no interest either in the threshing outfit or any of the proceeds arising from the operation thereof, and should stand released from any further obligation upon said notes; that said release was in writing, executed by the agent of the plaintiff duly authorized thereto; that said release remained in the possession of this defendant for a long time, but that the same has been by him lost, or has been destroyed, and that he is, for that reason, unable to attach a copy thereof to this answer.

The reply to the separate answer of Burke denied "all and singular each and every allegation and statement of new matter contained in said answer and which is inconsistent with the claims of plaintiff set forth in its petition filed herein. Said plaintiff, further replying to said answer, especially denies that it entered into any agreement with the said defendant J. H. Burke whereby it released him from any further liability upon the notes sued on herein, and said plaintiff expressly denies that a contract in writing was entered into with said defendant, by this plaintiff, releasing said defendant from further liability upon said notes as claimed in the answer of said defendant, and plaintiff expressly denies that any agent of the plaintiff had any right or authority from this plaintiff to enter into any such agreement or execute the same on behalf of the plaintiff." The reply was verified by the affidavit of the president of the threshing machine company.

Upon trial to a jury there were two verdicts, which, omitting the caption and signatures, were as follows:

"We, the jury empaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find for the plaintiff, and against the defendant, John Humphrey, and assess the amount of its recovery at $304.42.  *  *  *

"We, the jury empaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find for the defendant, J. J. Burke."

As stated by counsel for plaintiff in error in their brief, "The sole question which we desire to present in this appeal, and which, in our judgment, necessitates a reversal of the case, pertains to the defense made by the defendants, as to said release." The ground upon which this part of the judgment of the court is attacked is that the evidence wholly fails to sustain the defense of defendant Burke, to the effect that he was given a release from said notes by the plaintiff. For this reason the plaintiff claims it is entitled to a judgment notwithstanding the verdict of the jury, and that it was error for the court to overrule its motion to that effect. The rule seems to be that, "The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury." *Ricker Nat. Bank v. Stone*, 21 Okla. 833. Counsel for plaintiff in error, in their brief, say:

"The only evidence in the case as to the extent of the authority of Davies as an agent of the plaintiff, is that of Mr. Kenaston, plaintiff's president and a witness for it, and his testimony shows that Davies was simply the manager of a branch house of plaintiff, a sales agent as it may be termed for Oklahoma. He testified that Davies acted directly under his supervision, received instructions from him, and had no authority to release or compromise a debt except as authorized by him, and that he had never authorized a release of the defendant Burke and had never heard or learned of any such agreement being made."

We think the statement of counsel does not fully state the correct conclusion to be drawn from Mr. Kenaston's evidence as to the scope of the agent's authority. He testified concerning Davies' employment as follows:

"Q. Was he ever an employee of the plaintiff? A. He was. Q. In what capacity? A. He was an agent of the company stationed at Oklahoma City and El Reno in the territory of Okla-

homa. Q. When? A. In the years 1901 and 1902. Q. Was the authority of Mr. Davies to represent the plaintiff at that time in writing? A. No, sir. Q. You may state what authority he had. A. He had the right to make sales, appoint sub-agents, and he had general charge of the business of the plaintiff in the territory of Oklahoma. All his acts, however, were to be reported to the principal office for confirmation."

Taking the statement of the president of the company as correct, we think there can be but little question that it shows Mr. Davies' agency to be of such a general nature as to include within the scope of his authority the signing of the release set up as a defense by the defendant Burke. He testified, however, that all his (Davies') acts were to be reported to the principal office for confirmation or ratification, and that this particular act was not confirmed or ratified. Whether it was or not seems to us to be the only close question in the case. Bearing upon this proposition, the court instructed the jury as follows:

"The jury are instructed in this case that, although they may find that the said F. L. Davies did execute said paper and that at such time he did not have authority to do so, still if you further find that after the execution of said instrument, the company, with full knowledge thereof, and of his acts in the premises, ratified and confirmed the same, then you are instructed that his acts would have the same force and effect as though he were duly authorized thereto prior to the execution."

As the question of ratification or confirmation was submitted to the jury and they found in favor of the defendant Burke on that question, if there is any evidence reasonably tending to support their finding, it will not be disturbed by this court. It is a general rule that evidence of any conduct on the part of the principal recognizing the acts of the agent is admissible. *Bates' Ex'rs v. Best's Ex'rs*, 13 B. Mon. 215; *Sentell v. Kennedy*, 29 La. Ann. 679; *Pratt v. Putnam*, 13 Mass. 361; *Hammond v. Hannin*, 21 Mich. 374; *Grande v. Chares*, 15 Tex. 550. There was evidence to the effect that, immediately upon the execution of the release by Davies, the threshing machine was turned over to Humphrey and remained in his possession until taken from him by the threshing

machine company; that the company knew that the outfit had been turned over to Humphrey and looked to him to pay the notes. This covered a period of something over two years. During that time the company kept a man in the field who collected for the threshing done by Humphrey so closely that at times it was difficult for him to retain sufficient funds to pay the actual running expenses of the machine. There was no evidence that the plaintiff at any time sought or endeavored in any manner to set aside the release or return to Burke the bill of sale to Humphrey, or made any attempt whatever to place Burke in the same condition he was in prior to the execution of the release and bill of sale. All of these circumstances we think tend to contradict the evidence of the president to the effect that the actions of Davies in executing the contract of release were never ratified or confirmed by the company and join an issue of fact for the jury. It is true that evidence of knowledge of these facts by the company is essential to a ratification, but such knowledge may be presumed when the acts of the agent are of such a nature that the principal must have known of them. *James v. Lewis,* 26 La. Ann. 664. Ratification of an unauthorized act of an agent may be presumed from long continued silence of a principal who has knowledge of the facts constituting such ratification. *Long v. Thayer,* 150 U. S. 520; *Southern Oil Wks. v. Jefferson,* 2 Lea (Tenn.) 581. In *Hatch v. Taylor,* 10 N. H. 538, it was held that evidence of conduct may be admitted and be sufficient to establish ratification, notwithstanding the principal expressly declared he would not sanction the contract. In *Patterson v. Vanloon,* 186 Pa. St. 367, the court said:

"The evidence necessary to establish such relation is very different from that required to prove an express agency. In the former greater latitude must necessarily be allowed in the admission of testimony tending to prove facts and circumstances from which the existence of an agency may be legitimately inferred. From the nature of the case, evidence that would tend to prove an implied agency, or subsequent ratification, would be inadmissible as proof of an express agency."

As, in our opinion, there was sufficient evidence tending to establish the general agency of Davies and the ratification of his acts by the company to take those questions to the jury, the judgment of the court below must be affirmed:

DUNN, C. J., and HAYES and WILLIAMS, JJ., concur; TURNER, J., not participating.