## BAKER-RIEDT MOTOR CO. et al. v. MOORE.

No. 11535—Opinion Filed July 10, 1923.

Rehearing Denied Nov. 6, 1923.

**1. Principal and Agent — Subagents — Authority—Erroneous Instruction.**

The following instruction was given to the jury: "You are instructed that as a general rule an agent has no implied authority to delegate his powers to a subagent, and that persons employed by him as subagents do not become the agents of the principal, without the principal's consent; and in this connection you are instructed that the lack of authority in an agent, in appointing a subagent and to bind his principal, is immaterial, where the principal with full knowledge has subsequently ratified the agent's acts in making said appointment." Record examined, and held, that the giving of the above instruction constituted reversible error in the absence of any evidence that the subagent was employed to act for and on behalf of the principal, and where the uncontroverted evidence shows that he was employed for and on behalf of the agent alone.

**2. Same—Liability for Subagent's Compensation.**

If an agent, having undertaken to transact the business of his principal, employs a subagent on his own account to assist him in what he has undertaken to do, he does so at his own risk, and there is no privity between such subagent and the principal, and the subagent can look for his compensation only to his immediate employer.

**3. Same — Factors — Implied Authority to Appoint Subagents.**

An agent or factor has no implied authority to appoint subagents, or to delegate his powers; and persons employed by such agents do not become agents of the principal without the principal's consent.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Pontotoc County; Orel Busby, Judge.

Action by R. S. Moore against Baker-Riedt Motor Company and International Harvester Company to recover agent's commission. Judgment for plaintiff, and defendants bring error. Reversed.

King & Crawford and H. West, for plaintiffs in error.

C. F. Green and L. H. Green, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the county court of Pontotoc county on the 29th day of August, 1919, by R. S. Moore, defendant in error, plaintiff below, against Baker-Riedt Motor Company, a copartnership, and the International Harvester Company of America, plaintiffs in error, defendants below, to recover the sum of $775 alleged to be due him as commission on the sale of four motor trucks. For convenience the parties will be hereinafter referred to as they appeared in the court below.

The petition alleged that the defendants, on or about April 1, 1918 employed plaintiff as their agent to sell motor trucks and motor truck equipment in Pontotoc county, Okla., and agreed to pay him a commission of ten per cent. of the gross sales, and that in compliance with said agreement he did sell four trucks and equipment for the grand total of $8,750, and that said defendants were due him the sum of $875, of which amount $100 had been paid, leaving a balance due of $775, and praying judgment therefor.

Separate answers were filed by the defendants. The Baker Riedt Motor Company in their answer admitted the employment of R. S. Moore to sell trucks in Pontotoc county, Okla.; denied that he had sold for them the trucks alleged to have been sold, and averred payment of the sum of $185 in full settlement of commissions earned, and further answering by way of counterclaim alleged that plaintiff was indebted to them in the sum of $50.75 on account of storage charges paid for the plaintiff, and demanded judgment accordingly.

The International Harvester Company of America answered, denying that plaintiff had ever been in its employment or was ever its agent for the purpose of selling trucks; alleged that it had only two agencies in the state of Oklahoma, the Baker-Riedt Motor Company of McAlester, Okla., sole agents for the eastern part of Oklahoma, and G. M. Head Motor Company, Oklahoma City, Okla., its exclusive agent for western Oklahoma, and that it only sold trucks and equipment through these agencies.

Replies in the nature of general denials were filed by the plaintiff and thereafter, on the 9th day of January, 1920, the cause was tried before a jury, which returned two verdicts one for $110 and costs against Baker-Riedt Motor Company, and one for $535 against the International Harvester Company.

Motion for a new trial was filed and overruled, and the defendants prosecute this appeal to review the judgment of the trial court, and assign error as follows:

"First. Said court erred in overruling the motion of plaintiffs in error for a new trial.

"Second. Said court erred in not rendering judgment for defendant in error on the pleadings.

"Third. Said court erred in giving the following instructions to the jury, to wit: Nos. two, three, four and five.

"Fourth. Said court erred in admitting evidence on the part of the defendant in error.

"Fifth. Said court erred in refusing and ruling out competent and legal evidence on the part of plaintiffs in error."

The second, fourth, and fifth assignments of error are nowhere discussed by the defendants in their brief, or relied upon in the argument as grounds for a reversal of the case, and, under the rules, this court is not called upon to review these assignments. This leaves for consideration only the first and third assignments of error.

The first assignment of error presents for consideration the sufficiency of the evidence to sustain the judgment of the court. We are called upon to say whether or not, under the facts as disclosed by the record, there was any legal evidence to sustain the two separate verdicts rendered by the jury. To determine this question, it is necessary to review the evidence.

The undisputed evidence is that the International Harvester Company maintained two distributing agencies in the state of Oklahoma for the sale of motor trucks manufactured by it; that the G. M. Head Motor Company of Oklahoma City was its exclusive agent for western Oklahoma, and the Baker-Riedt Motor Company of McAlester, Okla., its exclusive agent in eastern Oklahoma; that motor trucks sold in Pontotoc county, Okla., were in the exclusive territory of the Baker-Riedt Motor Company, who had charge of all sales made therein; that the Baker-Riedt Motor Company received credit for all sales made in their territory whether such sales were negotiated by their agents alone, or whether they were negotiated by their agents aided and assisted by the representatives of the International Harvester Company. The International Harvester Company maintained a general manager by the name of Prewitt in the territory controlled by the Baker-Riedt Motor Company, to supervise its business and to aid and assist the Baker-Riedt Motor Company and their agents in disposing of as many motor trucks as possible, but without authority to appoint agents to

sell trucks in competition with the Baker-Riedt Motor Company. The evidence shows that Prewitt on one or two occasions did assist the plaintiff in finding purchasers for motor trucks sold by the International Harvester Company to Baker-Riedt Company, and paid for by them.

While there is evidence that the International Harvester Company knew that the Baker-Riedt Motor Company, its general distributing agent, did appoint the plaintiff as agent to represent Baker-Riedt Motor Company in the sale of trucks in Pontotoc county, there is no evidence that it ever authorized or empowered them to employ the plaintiff on its account, or that the Baker-Riedt Motor Company ever attempted to employ the plaintiff or the International Harvester Company, except the statement of the plaintiff, as a conclusion, that he was employed both by the Baker-Riedt Motor Company and the International Harvester Company at one and the same time.

Whether, in view of the great weight of the uncontroverted evidence to the effect that Baker-Riedt Motor Company were the exclusive agents of the International Harvester Company in the sale of motor trucks in Pontotoc county, it can be said, upon the unsupported statement of the plaintiff alone, that he was employed by the International Harvester Company as its agent to sell motor trucks in competition with Baker-Riedt Motor Company at the same time he admits that he was employed by Baker-Riedt Motor Company, there is any legal evidence whatever reasonably tending to sustain the verdict of the jury, is a matter upon which this court entertains grave doubts.

We are not unmindful of the well-established rule of this court that where there is any evidence reasonably tending to support the verdict, or where the evidence is conflicting, it will not be disturbed, and that the authority of an agent is to be gathered from all of the facts and circumstances in evidence and is a question of fact for the jury. Minneapolis Threshing Machine Co. v. Humphrey et al., 27 Okla. 694, 117 Pac. 203.

Upon a survey of the whole evidence, there was probably sufficient evidence to go to the jury upon this issue under proper instructions of the court.

The defendants next complain of the giving of instruction No. 4, as follows:

"You are instructed that as a general rule an agent has no implied authority to delegate his powers to a subagent, and that persons employed by him as subagents do not become the agents of the principal without the principal's consent; and in this connection you are instructed that the lack of authority in an agent, in appointing a subagent and to bind his principal, is immaterial, where the principal with full knowledge has subsequently ratified the agent's acts in making said appointment."

There is no evidence in the record that Baker-Riedt Motor Company ever employed plaintiff as agent for anybody except themselves. That the appointment was made for and on account of the International Harvester Company is to assume a state of facts not in evidence. We think this instruction clearly erroneous and misleading, because it assumes that Baker-Riedt Motor Company had employed plaintiff for and on account of the International Harvester Company, and amounted to telling the jury that the employment had been so made.

The court should have told the jury that where an agent employs another to act, not on behalf of the principal, but on behalf of the agent, he makes such person his agent, and he alone is responsible for his compensation, even though the principal may know of the employment. The correct rule is laid down in Mechem on Agency, paragraph 197, at page 126, as follows:

"If an agent employs a subagent for his principal, and by his authority, expressed or implied, then the subagent is the agent of the principal and is directly responsible to the principal for his conduct, and if damage results from the conduct of such subagent, the agent is only responsible in case he has not exercised due care in the selection of the subagent.

"But if the agent, having undertaken to transact the business of his principal, employs a subagent on his own account to assist him in what he has undertaken to do, he does so at his own risk, and there is no privity between such subagent and the principal. The subagent is, therefore, the agent of the agent only and is responsible to him for his conduct, while the agent is responsible to the principal for the manner in which the business has been done, whether by himself, or his servant or his agent."

In Hancock v. Corrigan (Kan.) 54 Pac. 129, the Supreme Court of Kansas says in the syllabus:

"The subagent can look for his compensation only to his immediate employer."

And in the body in the opinion:

"Even admitting that Davis was duly authorized to sell the property, he was not thereby authorized to employ another to sell it. * * * Where the subagent has been appointed without authority, and his acts are afterwards ratified, he can recover no

compensation from the principal, but must look to the agent."

In People's Bank v. Frick Co., 13 Okla. 179, 73 Pac. 949, Chief Justice Burford, speaking for the court, says:

"An agent or factor has no implied authority to appoint subagents, or to delegate his powers; and persons employed by him * *. * do not become the agent of the principal, without the principal's consent."

The doctrine is approved by our own Supreme Court in Gaar, Scott & Co. v. Rogers, 46 Okla. 67, 148 Pac. 161.

It is not claimed by counsel for plaintiff that Moore was appointed subagent of the International Harvester Company by any act of McDill and Prewitt, as agents of the International Harvester Company, and the instruction could, therefore, have no application to the conduct of McDill or Prewitt. He argues that these individuals, being general managers of the International Harvestor Company, had power to employ agents to solicit business for it. The question, however, for determination is not their power to employ, but whether under the evidence the court properly instructed the jury.

If the case was tried upon the theory argued by counsel for plaintiff that the International Harvester Company appointed Moore its agent to sell trucks in competition with and independently of Baker-Riedt Motor Company, the court evidently overlooked it, and the theory was not justified under the issues raised by the pleadings in the case.

We are, therefore, of the opinion that instruction No. 4 was error, and that the cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.