CLASP ENVELOPE CO. v. TRUSILK CO.,

Appellant

(March 14, 1927.  Opinion and Decree.)

(Syllabus by the Court)

1.  Louisiana Digest—Mandate—Par. 49, 61.

A principal is liable to third persons for the act of his agent, admittedly acting within the scope of his employment. The fact that the agent violated secret instructions, inadvertently or otherwise, can not affect third persons.

Appeal from First City · Court, Section "A".  Hon. W. Alexander Bahns, Judge.

Action by Clasp Envelope Company, Inc., against Trusilk Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Weirs, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellee.

E. M. Cahn, Leon S. Cahn, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.   This is a suit for $182.00, the price of certain envelopes, manufactured for and sold to defendant, by plaintiff.  Defendant avers the envelopes were not as ordered and too large for the purpose for which they were purchased.

There was judgment for plaintiff and defendant has appealed.

Plaintiff corporation is domiciled in New York City, and defendant in New Orleans.

The envelopes were purchased by Louis J. Blumenthal, who resides in New York, as the purchasing agent of defendant.  Blumenthal, testifying by commission, said the envelopes were exactly as ordered by him after submission of sample to David Cohen, an officer of defendant corporation, and, his approval obtained.  Cohen denies having received the sample and his alleged approval.  But, be that as it may, Blumenthal's agency is not denied.  It is contended that plaintiff was put on inquiry as to Blumenthal's authority by the mere fact of his agency and particularly so since he was a special agent.  Mechen on Agency, 2nd Ed., sec. 742;  Chaffe vs. Shibbs, et als., 37 La. Ann. 658;  Nester vs. Craig, 69 Hun. 543, 23 N. Y. Sup. 948.

But there is here no question of Blumenthal's authority to purchase the envelopes.  It is admitted that he was defendant's agent for that very purpose.  If, as defendant contends, Blumenthal bought a larger envelope than he was instructed to buy, whose fault was it?  Can it be said that plaintiff is presumed to know the private instructions given defendant's representative?  We believe it to be elementary that one who acts through another acts for himself.  Qui facit per aliam facit per se.  A party dealing with an agent, acting within the scope of his authority is regarded as dealing with the principal. Third persons can not be bound by secret or private instructions to an agent.  Corpus Juris, vol. 2, verbo "Agent", p. 566.

There is a distinction between authority given an agent and instructions:

"It is proper to receive evidence to establish the former or to show the knowledge of third persons as to the authority of the agent, and any limitations thereon, but the agent's apparent authority being proved, it is not proper to admit evidence of instructions unknown to third persons and not in-

tended to be communicated by the agent."
C. J., vol. 2, p. 566.

Our conclusion is that the judgment appealed from is correct and it is therefore affirmed.