No. ——

First Circuit

REDMOND & SON v. WOOD

(May 3, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Mandate—Par. 88 89, 90.**

The owner of a filling station is liable for the unauthorized purchase of tires by the person in charge of the station where he misleads the seller by his conduct and actions.

Appeal from the Parish of East Baton Rouge. Hon. W. Caruth Jones, Judge.

Action by B. V. Redmond & Son against Charles F. Wood.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Jess Johnson, of Baton Rouge, attorney for plaintiff, appellee.

Sanders & Gottlieb, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. The claim in suit is for the purchase price of automobile tires, and amounts to one hundred and ninety-three and 76-100 dollars. The tires were sold in two lots, on December 18 and December 26, 1924, by S. B. Defuentes, a traveling salesman of plaintiff, to William Kolwe, a young man apparently in charge of and acting as manager of defendant's gas and oil filling station at Ponchatoula in the parish of Tangipahoa, and they were received by and delivered in due time to the persons in charge of said filling station. Defendant does not deny that the tires were purchased and delivered as stated, nor does he contest the price charged for the tires, but he denies that such purchase was made under his sanction and by his authority, and for that reason disclaims liability. The trial judge rendered judgment in favor of plaintiff and defendant has appealed.

When Defuentes, plaintiff's regular salesman, went to defendant's filling station in December, 1924, he found, in charge of that station, William Kolwe, a young man who, from his size and demeanor, appeared to be about 23 years of age, and sold him a lot of automobile tires, presumably to be kept in stock and for sale at the filling station. In this, there was nothing unusual, for it is a matter of common knowledge that all filling stations, which now

abound all through the country, usually keep a stock of automobile accessories, such as tires, tubes, valve parts and spark plugs, in addition to lubricating oils, gasoline and free air and water. A few days or a week later Kolwe gave plaintiff another order for more ·tires, and the only solicitude on the part of plaintiff was as to the credit standing of defendant. The tires were shipped to the filling station, where they were received and presumably sold in due course of business.

Plaintiff then mailed invoices for the tires, and, receiving no remittance, wrote and addressed several letters to defendant, but received no reply to any of its communications. It was only when the present suit was instituted that the plaintiff was informed that defendant disclaimed liability for the reason that Kolwe had no authority to purchase the tires. Defendant says that Kolwe's authority only extended to the buying and selling of lubricating oil and gasoline, and he contends in substance that Kolwe was only a boy, 19 years of age, and that it was plaintiff's duty before selling to inquire from him whether Kolwe had authority to buy tires. Defendant's position seems unreasonable. Conceding that Kolwe was a minor, and that fact has little bearing on the question at issue because a minor may exercise the authority of an agent, there was nothing about Kolwe, in his appearance or demeanor, to indicate his minority. Kolwe was undoubtedly in charge of the station, and, if he had authority to buy lubricating oil and gasoline, there was no reason why he could not also have had a similar authority to buy and sell tires. Defendant, at the time the sales were made to Kolwe, lived in Baton Rouge, where he had removed during the month of September to accept a position with the Louisiana Highway Commission. He left Kolwe in charge of his filling station and thus impliedly held him out to the world as his accredited and authorized representative to conduct the business of that station.

The evidence justifies the conclusion that plaintiff acted with ordinary care and prudence and according to usual and customary business methods, and that, if led into error, it was by the conduct and actions of defendant, and equity requires that defendant should reimburse plaintiff, the value of the goods from which he profited.

For these reasons the judgment of the District Court is affirmed.