No. 3451

Second Circuit

DAYTON SCALE CO. v. CAPPS

(January 21, 1929. Opinion and Decree.)

A. Leonard Allen, of Winnfield, attorney for plaintiff, appellant.

C. H. McCain, of Colfax, attorney for defendant, appellee.

WEBB, J. Plaintiff, Dayton Scale Company, brought this action to recover judgment against defendant, J. W. Capps, for a balance alleged to be due on the purchase price of merchandise ordered by an employee of defendant for the account of the latter. It alleged that the merchandise had been delivered and that defendant had admitted the purchase and had made payments on the purchase price.

Defendant excepted that the petition failed to state a right or cause of action, which being referred to the merits, defendant answered, pleading a general denial, and the cause being tried and submitted and judgment rendered rejecting plaintiff's demands, it appeals.

The defendant did not answer the appeal, but he urges that the exception should have been sustained on the ground that plaintiff failed to allege that the employee was authorized to make the purchase; however, defendant, having failed to object to the exception being referred to the merits, abandoned his right to have the exception passed upon, and the only questions presented here are whether or not the evidence tending to show the authority of the employee to make the purchase or ratification of the purchase was properly admitted over the objection of defendant, and, if so, whether the evidence established either the authority of the employee to make the purchase or ratification of the purchase by defendant.

The petition is not by any means definite as to the authority of the employee or the ratification of the defendant; however, the order which was signed by the employee as the representative of the defendant was alleged to have been attached and made a part of the petition, and was produced before the defendant answered, and defendant could not have been surprised by the introduction of evidence to show the authority of the employee (Mason vs. Wilson, 9 La. Ann. 178), and plaintiff having alleged that the merchandise had been delivered and the purchase acknowledged and payments made by defendant, we think that evidence was admissible tending to show either that the employee was authorized to make the purchase or ratification.

The evidence shows that the defendant was the owner of a meat market and that the order for the merchandise (equipment for the meat market) was given at the market on January 31, 1927, to a salesman of plaintiff by John Baker, an employee in the market, who signed the order as the representative of defendant, and who at the time drew a check against the bank account of defendant for the down payment on the merchandise; that the merchandise was delivered about a week after the order was signed, and placed in use in the market, and that when the next installment fell due, about the 28th of February, 1927, John Baker drew against the bank account of defendant for the amount and remitted same to plaintiff, and that both checks were paid, and that the market with its contents, including the equipment, was destroyed by fire on March 15, 1927, and no further payments being made plaintiff brought the present suit for the balance of the price.

Defendant states that Baker was not authorized to make the purchase, and while he admits that Baker was authorized to purchase anything needed in the market and to draw checks against his account in payment of articles purchased, he testified that he did not know that Baker had drawn any checks against his account for the payments on the equipment, and that when he noticed the equipment in the market about a week after it had been delivered that he protested to Baker and ordered him to return the equipment to plaintiff, and Baker also states that defendant had protested and had ordered him to return the equipment but that he thought defendant would withdraw his objections, and did not return the merchandise, which was destroyed by fire about March 15th, or three weeks after Baker had been authorized to return same, Baker

in the meantime drawing against the funds of defendant and remitting to plaintiff for the installment due about February 28th.

Where one conducts a business to which the services of a manager are essential and he does not himself act as manager, there is a representation that the person or persons performing duties of manager are the agents of the owner, with power to bind him for acts necessary in conducting the business (Lochte vs. Gale, 1 McGloin 52; also Schmidt & Zeigler vs. Sandel, 30 La. Ann. 353; Redmond & Son vs. Wood, 6 La App. 389), and while defendant denies the authority of Baker, yet having admitted that Baker was authorized to make purchases and to draw against his bank account for the price, and it not appearing that the purchase made by Baker was not necessary in conducting the business, which appears to have been under the management of Baker, we are of the opinion that Baker had authority to make the purchase and that defendant should be held liable for the balance of price.

Further, the evidence shows that defendant was advised of the purchase having been made for his account, and he was bound to repudiate the action of Baker within a reasonable time after knowledge of the purchase (Pitts vs. Shubert, 11 La. Ann. 288, 30 Am. Dec. 718; Bauman vs. Poydras, 2 Rob. 1; Guimbillot vs. Abat, 6 Rob. 284; Morgan vs. Brown, 12 La. Ann. 159; R. C. L., Principal and Agent, volume 21, page 930, No. 109), and defendant admittedly having failed to give such notice he should be held to have ratified the action of his employee, and although defendant may have intended to repudiate the action of Baker, or that he did in fact instruct Baker to repudiate the purchase, and that Baker wilfully neglected to comply with the instruction but instead made another payment on the merchandise by check drawn against defendant's funds, this did not relieve defendant of the consequence of the failure to notify plaintiff of his disavowal of the action of Baker.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and that plaintiff, Dayton Scale Company, have and recover judgment against defendant, J. W. Capps, in the full sum of four hundred three dollars, with 'five per cent per annum interest from date of judicial demand, and all costs of suit.