MOTION PICTURE ADVERTISING SERV-
ICE v. MODICA ET UX.

(January 11, 1932. Opinion and Decree.)

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellant.

Claude W. Duke, of New Orleans, attorney for defendants, appellees.

JANVIER, J. Defendant, Ben Modica, is the owner of a small grocery store in New Orleans. Finding business unprofitable he left the store in charge of his wife and betook himself to an agricultural section of the country in an effort to augment the family income. He was gone for four months during which time a representative of plaintiff corporation, which corporation is engaged in the business of selling advertising which appears on motion picture theater screens, called on defendant's wife, who was in charge of the store, and prevailed upon her to sign a contract for the appearance, on the screen of a neighborhood motion picture house, of an advertisement for the grocery store. Upon the return of defendant, Modica, his attention was called to the fact that there was a large balance claimed to be due to plaintiff and he, thereupon, attempted to repudiate the contract, insisting that his wife had no authority to sign contracts for advertising; that when she signed the contract she believed that it extended only for ten weeks and called for payment of only a moderate amount, whereas the contract sued on required a payment of $180.10 and covered a period of fifty-two weeks.

Not being able to receive a satisfactory adjustment of the matter, plaintiff filed

suit claiming $150 as the balance due on the contract, originally for $180.10, and for 15 per cent attorneys' fees on the principal and interest. Both Mr. and Mrs. Modica were made defendants.

The trial court rendered judgment in favor of plaintiff and against Mrs. Modica but rejected plaintiff's demand as against the husband. Plaintiff has appealed.

It has been held that a person who conducts a mercantile business and who appoints another as representative or manager constitutes that other as his agent and that such agent has apparent authority to make contracts for such reasonable requirements as may be usual in the ordinary course of such business.

In Dayton Scale Co. v. Capps, 9 La. App. 651, 120 So. 94, 95, the court said:

"Where one conducts a business to which the services of a manager are essential there is a representation that the person or persons performing duties of manager are the agents of the owner, with power to bind him for acts necessary in conducting the business (Lochte v. Gele, 1 McGloin 52; also Schmidt & Zeigler v. Sandel, 30 La. Ann. 353; Redmond & Son v. Wood, 6 La. App. 389)."

And in Perfection Garment Co. v. Lanasa, 7 La. App. 31, in which case a wife made purchases of merchandise to be placed on sale in a store operated by her husband, we said:

"Defendant conducted a dry goods store, selling women's clothing. His wife was active in its management and in his absence in complete control. She bought the merchandise from plaintiff's agent in defendant's absence. Either she was capable of binding her husband by implied authority or no contract of sale resulted. Art. 3000, R. C. C., reads as follows:

" 'Powers granted to persons who exercise a profession or fulfill certain functions, of doing business in the ordinary course of affairs to which they are devoted need not be specified, but are inferred, from the functions which these mandataries exercise.'

"We are of opinion that this article, and not Article 2997 governs this case. It would subject all business transactions to great and unreasonable restraint to require an express special mandate to buy and sell the numerous items of merchandise dealt in by the many and varied mercantile establishments, partnerships and corporations doing business in this State. It is common practice for managers and executives, clerks and salesmen to act under implied powers in buying and selling the merchandise dealt in by their several establishments. Thousands of purchases and sales are made daily and hourly by agents and employees without express and special mandate. Article 2997 applies to transactions by persons 'out of the ordinary course of affairs to which they are devoted.' Article 3000 declares that the mandate need not be specific in fulfilling certain functions connected with the ordinary manner of doing business. Peter James v. Mrs. M. J. Lewis and Husband, 26 La. Ann. 664; Perrotin v. Cucullu, 6 La. 590; Bezou v. Pike Lapapeyre & Bros., 23 La. Ann. 788.

"Our conclusion is that the wife in this case had the implied authority, as agent for her husband, to purchase the merchandise."

Defendant, Modica, says that when he left the city he gave his wife special instructions as to what purchases to make and that she had no authority to exceed his instructions or to contract for anything except merchandise to be sold in the store. The answer to that contention is that a principal who gives his agent secret instructions cannot shield himself behind these instructions and, if the agent's acts from which the claim results are reasonable and are such as would ordinarily be done by a person having the authority apparently exercised by the agent, the principal is bound. That this is true was held

in Clasp Envelope Co. v. Trusilk Co., 5 La. App. 658, in which we said:

"A party dealing with an agent, acting within the scope of his authority is regarded as dealing with the principal. Third persons cannot be bound by secret or private instructions to an agent. Cor. Juris, Vol. 2, verbo 'Agent,' page 566."

Defendant contends that the authorities to which we have referred do not justify our holding that an agent left in charge of a store may contract for advertising but that they merely hold that such an agent may purchase stock to be sold. If any agent may purchase stock to be sold, we are unable to see why the same agent may not contract for reasonable advertising to assist in the selling of the said stock.

The only question then remaining is whether or not the contract which Mrs. Modica made was such a one as might reasonably be expected to be made by a person operating a grocery store of the small size and humble pretensions of that operated by defendant. It is not unreasonable for any grocery store to contract to spend $3.50 per week for advertising. It follows that the contract was reasonable and that the wife had apparent authority to execute it. The husband must be held responsible for the contract made by her.

Mrs. Modica did not appeal from the judgment against her. Nevertheless, it appears that judgment was not prayed for against her, except in the alternative and in the event that it be held that the husband, Mr. Modica, was not liable. In other words, plaintiff has not asked for a solidary judgment against the two, but only for a judgment against either the one or the other. Therefore, since we feel that the husband is liable, it becomes necessary to reverse the judgment as against the wife, even though she did not appeal.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of plaintiff and against defendant, Ben Modica, in the full sum of $150, with legal interest from judicial demand, together with 15 per cent attorney's fees on the total amount due, all costs to be paid by defendant, Ben Modica.